On Rehearing.
 

 BRUNOT, J.
 

 Defendant’s motion for a rehearing directs our attention to the following alleged errors in our original decree, to wit: That the decree sustains plaintiff’s exception of no cause of action and dismisses defendant’s reconventional demand, although no exception was filed in the lower court to defendant’s reconventional demand; the issue raised by the reconventional demand was not there passed upon, and the sole issue on appeal was the question of alimony.
 

 The exception sustained in our decree was plaintiff’s exception to the rule to show cause why he should not be condemned to pay alimony to the defendant.
 

 We held that alimony was an incident to a suit for divorce or separation from bed and board, and, being incidental to defendant’s reconventional demand for a separation on the ground of abandonment, it became essentially necessary to determine whether a reconventional demand for separation could be properly pleaded in a suit to annul the 'marriage upon the ground of duress and coercion. We held that defendant’s reeonventional demand was not, incidental to but independent of the main demand, and it was therefore improperly pleaded in 'the .case. This conclusion resulted in our sustaining the exception of no cause of action to the rule to show cause why alimony should not he paid to the defendant. Our conclusions were reached after most serious consideration.
 

 We recognize the force of counsel’s reasoning with reference to the Bienvenu Case; 14 La. Ann. 386, and Ashton Case, 48 La. Ann. 1194, 20 So. 738, and while the opinion of the court in the Bienvenu Case upon the question now before us, may be regarded as obiter dictum, it is nevertheless the expression of good law which has special application to the issues involved in this case.
 

 For these reasons our original opinion and decree herein are reinstated and made the final judgment of the court.
 

 THOMPSON, .1., dissents.
 

 O’NIELL, O. J., adheres to his dissenting opinion.